

733 Third Avenue, 16th Floor, New York, New York 10017
Tel: (646) 790-5848   Fax: (646) 417-7879
www.wilsonchanlaw.com

**Via ECF**

September 2, 2022

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
Courtroom 11D
500 Pearl Street
New York, NY 10007

**Re:  Cheng v. T-Mobile USA, Inc. (Case No. 22-3996) – Joint Letter of Parties Pursuant to Initial Pretrial Conference Order Dated July 22, 2022**

Dear Judge Castel:

Our firm represents Plaintiff Calvin Cheng ("**Plaintiff**") in the above-referenced matter and, together with counsel for Defendant T-Mobile USA, Inc. ("**Defendant**"), we submit this joint letter pursuant to the Court's Initial Pretrial Conference Order dated July 22, 2022.  The parties are scheduled for an Initial Pretrial Conference with the Court on **September 12, 2022 at 12:00 p.m**. Defendant has requested leave to file a motion to dismiss, which Plaintiff intends to oppose.  (ECF Nos. 9, 12.)  The parties request the Court set a schedule for the motion and set a schedule after that threshold motion is decided.

**BRIEF DESCRIPTION OF CASE**

**Plaintiff's Contentions:**

This case arises from a cryptocurrency exchange transaction whereby Plaintiff agreed to sell fifteen (15) Bitcoin to someone he believed to be the principal of a cryptocurrency exchange and someone with whom he had previously done similar business.[1]  Unfortunately, the party Plaintiff thought he was doing business with (Brandon Buchanan) had been the victim of a SIM-swap hack whereby his cellular phone was taken over by hackers who were impersonating Mr. Buchanan.  Plaintiff sent the hackers fifteen (15) Bitcoin and received no money in return.

---

[1] This case is nearly identical to a case filed in 2021 (Case No. 21-1085) before the Court, but which was discontinued without prejudice by Plaintiff.  Both parties were represented by the same counsel in that action, as well.

Wilson & Chan LLP

Plaintiff contends that Mr. Buchanan's cellular phone provider (T-Mobile) was, at a minimum, negligent in allowing – for a second time – Mr. Buchanan's SIM-card information to be swapped to a hacker's phone without Mr. Buchanan's approval or authorization. Plaintiff further contends that this is not an isolated incident with Defendant and that there are systemic issues within the security policies and procedures, including negligent supervision, hiring, and retention of employees which should have been implemented to prevent such loss of customer data.

Plaintiff further maintains that he has appropriate standing and was a foreseeable plaintiff to whom Defendant owes a duty, which duty is set forth in numerous Federal and State statutes. There exists controlling and persuasive legal precedent to substantiate Plaintiff's claims in this matter. Plaintiff seeks compensatory and punitive damages, together with statutory costs and fees, including legal fees, arising from Defendant's alleged negligence and violation of the law governing this industry.

**Defendant's Contentions:**

Plaintiff sued Defendant T-Mobile based on Defendant's purported "failures to protect and safeguard its customers' highly sensitive personal and financial information against … [third parties'] attempts to illegally obtain such information." (Compl., ECF No. 1 ¶ 1.) But Plaintiff is not a T-Mobile customer, he never provided any sensitive, personal, or financial information to T-Mobile, and T-Mobile never disclosed any information about Plaintiff. Plaintiff's remote claims are purely derivative of harms allegedly suffered by a third-party T-Mobile customer named Brandon Buchanan based on the purported disclosure of Mr. Buchanan's information. Plaintiff's claims should be dismissed based on black-letter principles of standing and proximate cause that exist to avoid unbounded and unforeseeable liability by service providers to non-customers.

This action was originally filed by Plaintiff last year and voluntarily dismissed after the Court authorized Defendant to file a motion to dismiss on standing and causation grounds given the indirect and derivative theories Plaintiff seeks to establish. (*See* Case No. 1:21:cv-01085-PKC).) Defendant have sought leave of Court to file the same motion to dismiss on the same grounds as to Plaintiff's re-filed complaint. (ECF Nos. 9, 12.) Plaintiff does not oppose the letter requests for a conference but indicates that he would oppose the motion, if filed.

## CONTEMPLATED MOTIONS

By letter to Judge Nelson Stephen Roman dated July 18, 2022 (ECF No. 9), Defendant sought leave to transfer the case to this Court together with a request for a pre-motion conference on Defendant's anticipated pre-answer motion to dismiss on grounds including, *inter alia*, lack of standing and failure to allege proximate cause. After the case was transferred, Defendant filed a renewed request before Your Honor. (ECF No. 12.) Plaintiff would seek to oppose such motion.

## PROSPECT OF SETTLEMENT

At this stage, the parties are considerably far apart on any voluntary settlement of this matter, particularly given the positions expected to be advanced by the parties in the motion to dismiss. While the parties' counsel have maintained a cordial working relationship with an eye to

keeping settlement avenues open, at this point, the prospect of settlement in the short term remains unlikely.

The parties request the Court authorize the motion to dismiss, and to enter a Case Management Plan for this case after that threshold motion is decided.

Both parties remain available to answer any further questions in advance of the Initial Pretrial Conference about the matters set forth herein.

Best Regards,

WILSON & CHAN, LLP       DAVIS WRIGHT TREMAINE, LLP

Jeffrey L. Wilson           James H. Moon